JS 44   (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ❏ 1   U.S. Government Plaintiff
- ❏ 2   U.S. Government Defendant
- ❏ 3   Federal Question *(U.S. Government Not a Party)*
- ❏ 4   Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 365 Personal Injury - Product Liability | ❏ 690 Other | ❏ 423 Withdrawal 28 USC 157 | ❏ 376 Qui Tam (31 USC 3729(a)) |
| ❏ 130 Miller Act | ❏ 315 Airplane Product Liability | ❏ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ❏ 400 State Reapportionment |
| ❏ 140 Negotiable Instrument | ❏ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ❏ 410 Antitrust |
| ❏ 150 Recovery of Overpayment & Enforcement of Judgment | ❏ 330 Federal Employers' Liability | | | ❏ 820 Copyrights | ❏ 430 Banks and Banking |
| ❏ 151 Medicare Act | ❏ 340 Marine | ❏ 368 Asbestos Personal Injury Product Liability | | ❏ 830 Patent | ❏ 450 Commerce |
| ❏ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ❏ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ❏ 835 Patent - Abbreviated New Drug Application | ❏ 460 Deportation |
| ❏ 153 Recovery of Overpayment of Veteran's Benefits | ❏ 350 Motor Vehicle | ❏ 370 Other Fraud | ❏ 710 Fair Labor Standards Act | ❏ 840 Trademark | ❏ 470 Racketeer Influenced and Corrupt Organizations |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle Product Liability | ❏ 371 Truth in Lending | ❏ 720 Labor/Management Relations | **SOCIAL SECURITY** | ❏ 480 Consumer Credit |
| ❏ 190 Other Contract | ❏ 360 Other Personal Injury | ❏ 380 Other Personal Property Damage | ❏ 740 Railway Labor Act | ❏ 861 HIA (1395ff) | ❏ 490 Cable/Sat TV |
| ❏ 195 Contract Product Liability | ❏ 362 Personal Injury - Medical Malpractice | ❏ 385 Property Damage Product Liability | ❏ 751 Family and Medical Leave Act | ❏ 862 Black Lung (923) | ❏ 850 Securities/Commodities/ Exchange |
| ❏ 196 Franchise | | | ❏ 790 Other Labor Litigation | ❏ 863 DIWC/DIWW (405(g)) | ❏ 890 Other Statutory Actions |
| | | | ❏ 791 Employee Retirement Income Security Act | ❏ 864 SSID Title XVI | ❏ 891 Agricultural Acts |
| | | | | ❏ 865 RSI (405(g)) | ❏ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ❏ 895 Freedom of Information Act |
| ❏ 210 Land Condemnation | ❏ 440 Other Civil Rights | **Habeas Corpus:** | | ❏ 870 Taxes (U.S. Plaintiff or Defendant) | ❏ 896 Arbitration |
| ❏ 220 Foreclosure | ❏ 441 Voting | ❏ 463 Alien Detainee | | ❏ 871 IRS—Third Party 26 USC 7609 | ❏ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❏ 230 Rent Lease & Ejectment | ❏ 442 Employment | ❏ 510 Motions to Vacate Sentence | | | |
| ❏ 240 Torts to Land | ❏ 443 Housing/ Accommodations | ❏ 530 General | | | ❏ 950 Constitutionality of State Statutes |
| ❏ 245 Tort Product Liability | ❏ 445 Amer. w/Disabilities - Employment | ❏ 535 Death Penalty | **IMMIGRATION** | | |
| ❏ 290 All Other Real Property | ❏ 446 Amer. w/Disabilities - Other | **Other:** | ❏ 462 Naturalization Application | | |
| | ❏ 448 Education | ❏ 540 Mandamus & Other | ❏ 465 Other Immigration Actions | | |
| | | ❏ 550 Civil Rights | | | |
| | | ❏ 555 Prison Condition | | | |
| | | ❏ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ❏ 1 Original Proceeding
- ❏ 2 Removed from State Court
- ❏ 3 Remanded from Appellate Court
- ❏ 4 Reinstated or Reopened
- ❏ 5 Transferred from Another District *(specify)*
- ❏ 6 Multidistrict Litigation - Transfer
- ❏ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

❏ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**  ❏ Yes   ❏ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE

DOCKET NUMBER

DATE

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.
 **(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)
 **(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked**.** (See Section III below**; NOTE: federal question actions take precedence over diversity cases.)**

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT
for the
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JASON WAGNER,<br>954 Carol Avenue<br>Cape May, NJ 08204<br><br>      Plaintiff<br><br>V.<br><br>JERSEY CLAM, INC.<br>521 Woodbine Oceanview Rd.<br>Ocean View, NJ 08230<br><br>      Defendant | Civil Action<br><br>No. _____ |

**PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

Now comes the Plaintiff in the above-entitled matter and for his complaint states:

### General Factual Allegations

1. The Plaintiff, JASON WAGNER, is a resident of Cape May, State of New Jersey.

2. The Defendant, JERSEY CLAM, INC., is a corporation duly organized and existing under the laws of the State of New Jersey.

3. On or about May 16, 2019, the Defendant, JERSEY CLAM, INC., was doing business within the State of New Jersey.

4. On or about May 16, 2019, the Plaintiff, JASON WAGNER, was employed by the Defendant, JERSEY CLAM, INC.

5. On or about May 16, 2019, the Plaintiff, JASON WAGNER, was employed by the Defendant, JERSEY CLAM, INC., as a seaman and a member of the crew of the F/V JERSEY PRIDE.

6. On or about May 16, 2019, the Defendant, JERSEY CLAM, INC., owned the F/V JERSEY PRIDE.

7. The Defendant, JERSEY CLAM, INC., chartered the F/V JERSEY PRIDE from some other person or entity such that on or about May 16, 2019, the Defendant, JERSEY CLAM, INC., was the owner pro hac vice of the F/V JERSEY PRIDE.

8. On or about May 16, 2019, the Defendant, JERSEY CLAM, INC., operated the F/V JERSEY PRIDE.

9. On or about May 16, 2019, the Defendant, JERSEY CLAM, INC., or the Defendant's agents, servants and/or employees, controlled the F/V JERSEY PRIDE.

10. On or about May 16, 2019, the F/V JERSEY PRIDE was in navigable waters.

11. On or about May 16, 2019, while in the in the performance of his duties in the service of the F/V JERSEY PRIDE, the Plaintiff, JASON WAGNER, sustained personal injuries, including, but not limited to, a laceration and fracture of his left fourth finger, ulnar nerve deformity and flexor tendon adhesion in his left wrist/elbow, when his left hand was caught under a clam dredge.

12. Prior to and at the time he sustained the above-mentioned personal injuries, the Plaintiff, JASON WAGNER, was exercising due care.

## Jurisdiction

13. This Court has subject matter jurisdiction over this matter pursuant to The Merchant Marine Act of 1920, commonly called the Jones Act, 46 U.S.C., §30104 et. seq. (formerly §688 et. seq.).

14. Alternatively, this Court has subject matter jurisdiction over this matter pursuant to 28

U.S.C. §1333.

## COUNT I
## JASON WAGNER V. JERSEY CLAM, INC.
### (JONES ACT NEGLIGENCE)

15. The Plaintiff, JASON WAGNER, reiterates the allegations set forth in paragraphs 1-14 above.

16. The personal injuries sustained by the Plaintiff, JASON WAGNER, were not caused by any fault on his part but were caused by the negligence of the Defendant, JERSEY CLAM, INC., its agents, servants and/or employees, in operating, equipping and/or maintaining the clam dredge on the F/V JERSEY PRIDE.

17. As a result of said injuries, the Plaintiff, JASON WAGNER, has suffered pain of body and anguish of mind, lost time from his usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

18. This cause of action is brought under the Merchant Marine Act of 1920, commonly called the Jones Act.

WHEREFORE, the Plaintiff, JASON WAGNER, demands judgment against the Defendant, JERSEY CLAM, INC., in an amount to be determined by a jury together with interest and costs.

## COUNT II
## JASON WAGNER V. JERSEY CLAM, INC.
### (GENERAL MARITIME LAW - UNSEAWORTHINESS)

19. The Plaintiff, JASON WAGNER, reiterates the allegations set forth in paragraphs 1-14 above.

20. The personal injuries sustained by the Plaintiff, JASON WAGNER, were due to no fault

of his, but were caused by the Unseaworthiness of the F/V JERSEY PRIDE.

21. As a result of said injuries, the Plaintiff, JASON WAGNER, has suffered pain of body and anguish of mind, lost time from his usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

22. This cause of action is brought under the General Maritime Law for Unseaworthiness and is for the same cause of action as Count I.

WHEREFORE, the Plaintiff, JASON WAGNER, demands judgment against the Defendant, JERSEY CLAM, INC., in an amount to be determined by a jury together with interest and costs.

## COUNT III
## JASON WAGNER V. JERSEY CLAM, INC.
### (GENERAL MARITIME LAW - MAINTENANCE and CURE)

23. The Plaintiff, JASON WAGNER, reiterates the allegations set forth in Paragraphs 1-14 above.

24. As a result of the personal injuries he sustained, the Plaintiff, JASON WAGNER, has incurred and will continue to incur expenses for his maintenance and cure.

WHEREFORE, the Plaintiff, JASON WAGNER, demands judgment against the Defendant, JERSEY CLAM, INC., in an amount to be determined by a jury for maintenance and cure, together with costs and interest.

## COUNT IV
## JASON WAGNER V. JERSEY CLAM, INC.
### (GENERAL MARITIME LAW/JONES ACT – INTENTIONAL/NEGLECT FAILURE TO PROVIDE MAINTENANCE AND CURE)

25. The Plaintiff, JASON WAGNER, reiterates the allegations set forth in paragraphs 1-14 above.

26. As a result of the personal injuries he sustained, the Plaintiff, JASON WAGNER, has incurred and will continue to incur expenses for his maintenance and cure.

27. The Plaintiff, JASON WAGNER, has made demand upon the Defendant, JERSEY CLAM, INC., for the provisions of maintenance and cure.

28. The Defendant, JERSEY CLAM, INC., has negligently, willfully, arbitrarily, and/or unreasonably failed to provide the Plaintiff, JASON WAGNER, with maintenance and cure in a timely and adequate manner.

29. As a result of the Defendant's failure to provide the Plaintiff with maintenance and cure, the Plaintiff has sustained and will continue to sustain damages, including without limitation, pain of body and anguish of mind, lost time from his usual work and pursuits, medical and hospital expenses, attorneys' fees, and has sustained and will sustain other damages as will be shown at trial.

WHEREFORE, the Plaintiff, JASON WAGNER, demands judgment against the Defendant, JERSEY CLAM, INC., in an amount to be determined by a jury as compensatory and punitive damages for the failure to pay maintenance and cure, together with costs, interest, and reasonable attorneys' fees.

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES<br>RAISED IN COUNTS I, II, III, and IV.

Respectfully submitted for
the Plaintiff, JASON WAGNER,
by his attorneys,

_____
Mark Jaffe, Esq.
McCann, Dillon, Jaffe & Lamb, LLC
Two Penn Center, Suite 1110
Philadelphia, PA 19102
tel: 215-569-8488
mjaffe@mccanninjurylaw.com


**TO BE ADMITTED PRO HAC VICE**
Respectfully submitted for the
the Plaintiff, JASON WAGNER,
by his attorney,


_____
Jonathan E. Gilzean, Esq.
Latti & Anderson LLP
30-31 Union Wharf
Boston, MA 02109
617-523-1000
jgilzean@lattianderson.com

Dated: